IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CIRILO OLMEDO-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER DISMISSING HABEAS CORPUS PETITION**<br><br>Case No. 2:26-cv-00514-RJS<br><br>District Judge Robert J. Shelby |

Before the court is Petitioner Cirilo Olmedo-Martinez's Petition for Habeas Corpus.[1] Petitioner asks the court to declare his detention and removal was unlawful and order the government to "facilitate Petitioner's immediate return to the United States" and "restore him to the status he held" before his removal.[2]  After reviewing the facts and arguments presented, the court concludes it lacks jurisdiction over the Petition because Petitioner was not detained in Utah when the Petition was filed.  Accordingly, the court DISMISSES the Petition without prejudice.

## BACKGROUND[3]

Petitioner is a citizen of Mexico who previously resided in Utah until his removal to Mexico in May 2026.[4]  In or before 2019, the Department of Homeland Security (DHS) commenced removal proceedings against him.[5]  Petitioner applied for a cancellation of removal,

---

[1] Dkt. 1, *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* (*Petition*).

[2] *Id.* at 6–7.

[3] The following facts are drawn from the Petition.  The government has not appeared in the case.

[4] *Petition* ¶¶ 9, 13, 19.

[5] *Id.* ¶ 13.

1

which was denied by an Immigration Judge.[6]  His appeals were later denied by the Board of

Immigration Appeals (BIA) and the Tenth Circuit.[7]  In 2024, DHS determined that continuation

of the case was no longer in the Government's best interest, and on June 17, 2024, the BIA

granted a joint motion dismissing the proceedings without prejudice and vacated the prior

removal order.[8]  No order of removal against Petitioner has since been issued.[9]

On or about April 24, 2026, Immigration and Customs Enforcement (ICE) officers

arrested Petitioner in Utah.[10]  ICE detained Petitioner for about thirteen days in three detention

facilities in Wyoming and Arizona.[11]  On May 7, 2026, Petitioner was removed to Mexico City

and released from custody.[12]  Petitioner was not afforded a hearing or other opportunity to

present the order vacating the prior removal order.[13]

On June 2, 2026, Petitioner filed the Petition.  Petitioner alleges ICE unlawfully removed

him without "statutory or regulatory authority," and requests the court order the Government to

restore him to the United States.[14]

## DISCUSSION

Before considering the merits of the Petition, the court must first determine whether it has

jurisdiction to hear the case.  Under 28 U.S.C. § 2241, a person may petition for a writ of habeas

corpus if "he is in custody in violation of the Constitution or laws or treaties of the United

---

[6] *Id.; Martinez v. Garland*, 98 F.4th 1018, 1022 (10th Cir. 2024).

[7] *Petition ¶ 13.*

[8] *Id. ¶¶ 14–15.*

[9] *Id. ¶ 14.*

[10] *Id. ¶ 16.*

[11] *Id. ¶ 18.*

[12] *Id. ¶ 19.*

[13] *Id. ¶¶ 17–18.*

[14] *Id.* at 6–7.

States."[15]  "A petition under 28 U.S.C. § 2241 must be filed in the district where the prisoner is confined." [16]  Significantly, "habeas jurisdiction attaches on the initial filing of the § 2241 petition—that is, a prisoner must file his § 2241 motion in the district where he is confined *at the time of the filing*."[17]

Petitioner asserts the court has jurisdiction under 28 U.S.C. § 2241 because he was unlawfully taken into federal custody within the District of Utah.[18]  Petitioner further contends his present physical location outside the United States does not defeat jurisdiction because "[h]e was in Respondents' custody within this District when the unlawful conduct began."[19]  However, this is not the correct standard for establishing jurisdiction over a habeas corpus petition. Because Petitioner was released from custody in Mexico prior to filing the Petition, he was not confined within the District of Utah at the time of filing.[20]  Accordingly, the court lacks jurisdiction over the Petition.[21]

---

[15] 28 U.S.C. § 2241(c)(3).

[16] *United States v. Tamayo*, 162 Fed. Appx. 813, 815 (10th Cir. 2006) (citation modified) (citing *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000)).

[17] *Id.* (emphasis in original) (citing *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)).

[18] *Petition* ¶ 5.

[19] *Id.* ¶ 7.

[20] *Id.* ¶ 19.

[21] Petitioner also argues this court retains jurisdiction "to fashion a remedy that restores [him] to the position he occupied" before his removal because the "historic flexibility" of habeas petitions "permits relief beyond simple release where release alone cannot make [a] petitioner whole." *Id.* ¶ 7  The Tenth Circuit has not directly addressed the issue of whether jurisdiction attaches to a habeas petition filed after removal.  However, the Third Circuit has held that for purposes of establishing jurisdiction over a habeas petition, a petitioner who has been removed from the United States and released abroad is not in custody because he is "not subject to restraints not shared by the public generally that significantly confine and restrain his freedom.  He is subject to no greater restraint than any other non-citizen living outside American borders." *Kumarasamy v. Att'y Gen. of U.S.*, 453 F.3d 169, 173 (3d Cir. 2006) (quoting *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001)).

**CONCLUSION**

For the reasons explained above, the court DISMISSES the Petition.[22]  The Clerk of

Court is directed to close the case.


SO ORDERED this 4th day of June, 2026.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[22] Dkt. 1.

4